[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Arthur Warren was coaching third base for an adult softball team in the sixth inning of a tied and hotly contested tournament game. As the tension rose, the banter between members of the opposing teams turned decidedly personal and quickly escalated into a fight. The fight was a bench-clearing, chaotic brawl that swirled around home plate until the opposing teams were separated by an off-duty police officer. At some point during the fight, at least two members of the team opposing Warren's were struck with baseball bats and sustained serious injuries. Warren was found guilty and convicted by the trial court of one count of felonious assault for his part in the fight. Warren now appeals his conviction, claiming that the trial court's decision was against the manifest weight of the evidence. We disagree.
To reverse Warren's conviction on the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[1] Because there really is no conflict in the evidence in the record before us, we cannot conclude that the trial court lost its way.
Four separate witnesses for the state identified Warren as the person who struck one of the opposing team members with a baseball bat as the victim was on the ground on all fours. The witnesses consistently identified Warren, his actions, the position of the victim, and the area of the field in which the assault took place. When another witness testified that he saw Warren with a bat, but did not see him strike the victim, that produced no conflict in the testimony. Similarly, there was no conflict in the testimony when the victim stated that he did not see who was striking him when he was on all fours on the ground. Finally, there was no conflicting testimony when other witnesses testified that they simply did not see Warren strike the victim.
Therefore, the judgment of the trial court is affirmed, and a certified copy of this Judgment Entry shall constitute the mandate to be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Winkler, JJ.
[1] See State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541, 546, citing State v. Martin (1983), 20 Ohio App.3d 172,175, 485 N.E.2d 717, 720.